UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

NEAL EVAN PRICE,                                )
                                                )
            Plaintiff,                          )
                                                )     Case No. 1:21 CV 93 ACL
      vs.                                       )
                                                )
CITY OF NEW MADRID, MISSOURI,                   )
et al.,                                         )
                                                )
            Defendants.                         )

**MEMORANDUM AND ORDER**

Plaintiff, proceeding *pro se*, filed this action under 42 U.S.C. § 1983 against Defendants City of New Madrid, Missouri, Trent Beeson, Andrew Lawson, New Madrid County Prosecutor's Office, and New Madrid County, Missouri, alleging violations of his constitutional rights arising out of a traffic stop in New Madrid, Missouri.

Presently pending before the Court are motions to dismiss filed by Defendants Andrew Lawson and New Madrid County Prosecutor's Office (Doc. 12), Defendant New Madrid County (Doc. 14), and Defendant Trent Beeson (Doc. 25). The motions are fully briefed and ready for disposition.

**BACKGROUND**

Taken as true for purposes of the pending motions, the facts alleged in the Complaint are as follows. On May 17, 2019, Plaintiff and an unnamed female passenger were driving on Interstate 55 in New Madrid, Missouri, when they were pulled over by Defendant Trent Beeson of the Missouri Highway Patrol. Plaintiff has attached the Probable Cause Statement of Beeson to his Complaint. (Doc. 1-5.) In his Probable Cause Statement, Beeson states that he pulled

1

Plaintiff over because he observed him "cross the white fog line on the right side of the roadway, without signaling a lane change." *Id.* at 1.  After approaching Plaintiff's vehicle, Beeson stated that he detected an odor of marijuana.  Beeson searched the vehicle.  During the search, Beeson asked Price's passenger about the marijuana.  The passenger told Beeson the marijuana was in her bag.  Beeson found marijuana in the passenger's bag, and issued a citation to Plaintiff. Beeson did not issue a citation to the passenger, nor did he mention the passenger's presence in his Probable Cause Statement.  Plaintiff had to make trips from his residence in Atlanta, Georgia, to New Madrid County multiple times for hearings, until the case was ultimately dismissed.

In his single-count Complaint, Plaintiff argues that Defendants Andrew Lawson and the New Madrid County Prosecutor's Office maliciously prosecuted Plaintiff, as Missouri case law states that fog line violations are not reasons to initiate traffic stops.  He claims that Lawson and the New Madrid County Prosecutor's Office disregarded the inconsistencies between the dash camera—which showed the passenger taking the marijuana out of her bag—and the Probable Cause Statement.  Plaintiff contends that Defendants knew that most people traveling on Interstate 55 are not local residents and will therefore pay fines and plead guilty instead of making inconvenient trips back to the courthouse to defend themselves.  Plaintiff further argues that he was the victim of unnecessary harassment.  As a result of these violations, Plaintiff contends that he suffered economic losses by taking time away from his business and traveling back and forth between Atlanta and New Madrid.  Plaintiff seeks compensatory and punitive damages against Defendants.

On July 14, 2021, Defendants Andrew Lawson and New Madrid County Prosecutor's Office filed a Motion to Dismiss, in which they argue Lawson, as the prosecuting attorney, is absolutely immune from liability, and the New Madrid County Prosecutor's Office is not a legal

entity capable of being sued.  On the same date, Defendant New Madrid County filed a Motion to Dismiss for failure to state a claim upon which relief can be granted.  On August 3, 2021, Defendant Trent Beeson filed a Motion to Dismiss, in which he argues the Eighth Circuit has not recognized a constitutional claim for malicious prosecution.  In the alternative, he contends that Plaintiff's claim fails because Defendant Beeson had probable cause both to conduct a traffic stop and to cite Plaintiff for marijuana possession.

## LEGAL STANDARD

"To survive a motion to dismiss for failure to state a claim, the complaint must show the plaintiff 'is entitled to relief,' Fed. R. Civ. P. 8(a)(2), by alleging 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'"  *In re Pre-Filled Propane Tank Antitrust Litig.,* 860 F.3d 1059, 1063 (8th Cir. 2017) (en banc) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)).  In reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court accepts all factual allegations as true and construes all reasonable inferences in the light most favorable to the nonmoving party.  *Usenko v. MEMC LLC,* 926 F.3d 468, 472 (8th Cir. 2019).  The Court need not accept as true a plaintiff's conclusory allegations or legal conclusions drawn from the facts.  *Waters v. Madson,* 921 F.3d 725, 734 (8th Cir. 2019). The complaint "must allege more than '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements'" and instead must "allege sufficient facts that, taken as true, 'state a claim to relief that is plausible on its face.'"  *K.T. v. Culver-Stockton Coll.,* 865 F.3d 1054, 1057 (8th Cir. 2017) (alteration in original) (quoting *Ashcroft v. Iqbal,* 556 U.S. 544, 678 (2009) (internal quotation marks omitted).  A facially plausible claim is one "that allows the court to draw [a] reasonable inference that the defendant is liable for the misconduct alleged." *Wilson v. Ark. Dep't of Human Servs.,* 850 F.3d 368, 371 (8th Cir. 2017) (internal quotation

omitted).  This "standard asks for more than a sheer possibility that a defendant has acted

unlawfully, or more than a mere possibility of misconduct." *Id.*

"Though matters outside the pleading may not be considered in deciding a Rule 12

motion to dismiss, documents necessarily embraced by the complaint are not matters outside the

pleading." *Enervations, Inc. v. Minn. Mining & Mfg. Co.,* 380 F.3d 1066, 1069 (8th Cir. 2004)

(quotations omitted).  The Court will treat the Probable Cause Statement attached to the

Complaint as part of the pleadings.  *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument

that is an exhibit to a pleading is part of the pleading for all purposes"); *Pratt v. Corrections

Corp. of America*, 124 Fed. Appx. 465, 466 (8th Cir. 2005) (explaining that "the district court

was required to consider the allegations not only in [plaintiff's] pro se complaint, but also in his

motion to amend, his response to defendants' motion to dismiss, and the attachments to those

pleadings").

Although *pro se* complaints are to be construed liberally, "they still must allege sufficient

facts to support the claims advanced."  *Stringer v. St. James R–1 Sch. Dist*., 446 F.3d 799, 802

(8th Cir. 2006) (quoting *Stone v. Harry,* 364 F.3d 912, 914 (8th Cir. 2004)).  "[P]ro se litigants

must set [a claim] forth in a manner which, taking the pleaded facts as true, states a claim as a

matter of law."  *Id*. (internal quotation omitted).

## DISCUSSION

### I.    Defendants Andrew Lawson and New Madrid County Prosecutor's Office

In their Motion to Dismiss, Defendants argue that Lawson is entitled to absolute

immunity and the New Madrid County Prosecuting Attorney's Office is not an entity capable of

being sued.

### A.  Defendant Lawson

Prosecutors enjoy absolute immunity in their review of and decisions to charge a violation of the law.  *Imbler v. Pachtman*, 424 U.S. 409, 420–27, 431 (1976).  Absolute immunity protects prosecutors against claims arising from their initiation of a prosecution and presenting a criminal case "insofar as that conduct is 'intimately associated with the judicial phase of the criminal process.'"  *Burns v. Reed*, 500 U.S. 478, 486 (1991) (quoting *Imbler*, 424 U.S. at 430).  Because the immunity depends upon the functional nature of the prosecutor's activities, allegations of improper motive in the performance of prosecutorial functions will not defeat its protection.  *Myers v. Morris*, 810 F.2d 1437, 1446 (8th Cir. 1987), *abrogated on other grounds, Burns v. Reed*, 500 U.S. 478 (1991); s*ee Reasonover v. St. Louis Cnty.*, 447 F.3d 569, 580 (8th Cir. 2006); *Sample v. City of Woodbury*, 836 F.3d 913, 916 (8th Cir. 2016).

Plaintiff argues that absolute immunity does not apply here because Lawson "ignored Missouri State Law during the investigatory part of this matter to initiate a false prosecution." (Doc. 21 at 2.)  Specifically, Plaintiff contends that Missouri law is clear that fog line violations do not create probable cause for traffic stops.

Plaintiff misapprehends the nature of absolute immunity.  Plaintiff's only claim against Lawson relates to Lawson's decision to pursue criminal charges against Plaintiff.  Even if every allegation from the Complaint about the impropriety of the traffic stop and citation were true, there are no allegations that would overcome Lawson's immunity from suit for claims arising from the pursuit of criminal charges.  *See Sample*, 836 F.3d at 916 (prosecutorial immunity "applies even if the prosecutor's steps to initiate a prosecution are patently improper" or in the face of "[a]llegations of unethical conduct and improper motives in the performance of

prosecutorial functions[.]"); *Reasonover*, 447 F.3d at 580 (prosecutorial immunity "is not defeated by allegations of malice, vindictiveness, or self-interest.")

Further, Plaintiff's statement that crossing a fog line does not create probable cause for a stop is a misstatement of Missouri law. *See State v. Smith*, 595 S.W.3d 143, 146 (Mo. 2020), *reh'g denied* (Mar. 17, 2020) ("Crossing the fog line and driving on the shoulder, therefore, is a traffic violation and creates a lawful justification for a traffic stop").

Thus, Defendants' Motion to Dismiss will be granted as to Defendant Andrew Lawson.

**B.    New Madrid County Prosecuting Attorney's Office**

Defendants argue that the New Madrid County Prosecuting Attorney's Office is not a legal entity capable of being sued under § 1983. Plaintiff does not address this argument.

This Court has held that a county prosecutor's office does not have the capacity to be sued under Missouri law. *See Kaminsky v. Missouri*, No. 4:07-CV-1213 (JCH), 2007 WL 2956404, *3 (Oct. 5, 2007) ("The [St. Louis County] Prosecutor's Office only has the power to sue and defend the County.[] It has no power to sue or be sued on its own behalf").

Accordingly, Defendants' Motion to Dismiss will be granted as to the New Madrid County Prosecuting Attorney's Office.

**II.    Defendant New Madrid County**

Defendant argues that Plaintiff cannot hold New Madrid County liable under § 1983 on a respondeat superior theory for any alleged unconstitutional acts of its employees. Defendant contends that Plaintiff fails to state a claim for a constitutional violation resulting from an official policy or custom, or a deliberately indifferent failure to train or supervise.

It is well established that § 1983 will not support a claim based on a respondeat superior theory of liability. *Board of County Com'rs of Bryan County, Okl. v. Brown,* 520 U.S. 397, 403

6

(1997) (holding "[w]e have consistently refused to hold municipalities liable under a theory of respondeat superior."); *Monell v. Dep't of Soc. Serv.,* 436 U.S. 658, 691 (1978) (holding "the language of § 1983 ... compels the conclusion that Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort. In particular, we conclude that a municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory.").

Section 1983 liability for a constitutional violation may attach to a municipality if the violation resulted from (1) an "official municipal policy," (2) an unofficial "custom," or (3) a deliberately indifferent failure to train or supervise.  *Atkinson v. City of Mountain View, Mo.,* 709 F.3d 1201, 1214 (8th Cir. 2013) *(citing Monell,* 436 U.S. at 690–91 and *City of Canton, Ohio v. Harris,* 489 U.S. 378, 388 (1989)).

"A plaintiff may establish municipal liability under § 1983 by proving that his or her constitutional rights were violated by an action pursuant to official municipal policy or misconduct so pervasive among non-policymaking employees of the municipality as to constitute a custom or usage with the force of law."  *Ware v. Jackson Cnty., Mo.,* 150 F.3d 873, 880 (8th Cir. 1998) (internal quotation marks and citation omitted).  "[I]n order to state a viable § 1983 claim [ ], plaintiff is required to plead facts sufficient to show at least an inference that his constitutional rights were violated as a result of action taken pursuant to an official policy, or as a result of misconduct so pervasive among non-policymakers as to constitute a widespread custom and practice with the force of law."  *Davis v. St. Louis County, Mo.,* 4:14CV1563 CAS, 2015 WL 758218, at *12 (E.D. Mo. Feb. 23, 2015) (citation omitted).

In his Response to Defendant's Motion to Dismiss, Plaintiff argues that it is a custom of New Madrid County to pull citizens over based on actions that are not illegal in order to generate plea deals. He further argues that New Madrid County did not provide adequate training to their employees.

The Court finds that Plaintiff has failed to plead facts in the Complaint that would demonstrate the existence of either an official policy or widespread custom that caused a constitutional deprivation. All the facts alleged relate to the actions of the individual Defendant, Andrew Lawson, in allegedly failing to follow Missouri law. Assuming Lawson is an employee of New Madrid County, Plaintiff has failed to state a claim that Lawson violated Plaintiff's constitutional rights. Instead, the Court has found that crossing the fog line is a traffic violation under Missouri law. As such, Plaintiff's allegations concerning an unconstitutional official policy or custom are inadequate to state a claim against New Madrid County. *Twombly,* 550 U.S. at 555; *Davis,* 2015 WL 758218, at \*12.

A municipality may also be liable under § 1983 if it failed to properly supervise or train an offending employee who caused a deprivation of constitutional rights, but only if the failure to train or supervise rises to the level of deliberate indifference to the rights of others or tacit authorization of the offensive acts. *See City of Canton, Ohio,* 489 U.S. at 380 (failure to train); *Liebe v. Norton,* 157 F.3d 574, 579 (8th Cir. 1998) (failure to supervise).

Plaintiff alleges no facts in his Complaint to make this showing. Plaintiff merely alleges that Defendant failed to provide adequate training to their employees "on case law and investigatory procedures which led to this civil rights violation" (Doc. 21 at 3), but points to no facts to support this assertion other than the allegations of Lawson's alleged unconstitutional act.

The Court has already found that Lawson's actions were not unconstitutional, and were consistent with Missouri law.

Thus, New Madrid County's Motion to Dismiss will be granted.

## III.   Defendant Trent Beeson

Defendant Beeson argues that he is entitled to qualified immunity because the Eighth Circuit has repeatedly declined to recognize a constitutional claim for malicious prosecution. Alternatively, he argues the Complaint should be dismissed because Defendant had probable cause to conduct the traffic stop and to cite Plaintiff for marijuana possession.

"Qualified immunity shields a government official from suit under § 1983 if his conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Kelsay v. Ernst*, 933 F.3d 975, 979 (8th Cir. 2019) (citation omitted). Officials are entitled to qualified immunity "unless (1) the evidence, viewed in the light most favorable to the plaintiffs, establishes a violation of a constitutional or statutory right, and (2) the right was clearly established at the time of the violation, such that a reasonable officer would have known that his actions were unlawful." *Bernini v. City of St. Paul*, 665 F.3d 997, 1002 (8th Cir. 2012). Qualified immunity serves to protect "all but the plainly incompetent or those who knowingly violate the law." *Franklin v. Peterson*, 878 F.3d 631, 635 (8th Cir. 2017).

In the Eighth Circuit, an allegation of malicious prosecution without more is not cognizable under § 1983. *Joseph v. Allen*, 712 F.3d 1222, 1228 (8th Cir. 2013). However, the Court has left open the possibility of a malicious prosecution claim under § 1983, as either a Fourth Amendment violation of a substantive right or a procedural due process violation, where plaintiffs have alleged an underlying cognizable constitutional violation. *See, e.g.*, *Bates v. Hadden*, 576 Fed. Appx. 636, 639 (8th Cir. 2014); *Harrington v. City of Council Bluffs, Ia.*, 678

F.3d 767, 679 (8th Cir. 2012) ("If malicious prosecution is a constitutional violation at all, it probably arises under the Fourth Amendment.").  Here, Plaintiff alleges that Defendant Beeson lacked probable cause to stop him.  As such, the Court will evaluate Plaintiff's claim under the Fourth Amendment.

The Fourth Amendment prohibits unreasonable searches and seizures.  It is well-established that an arrest is a seizure subject to Fourth Amendment scrutiny.  A temporary, noncustodial traffic stop constitutes an "unreasonable" "seizure" under the Fourth Amendment unless the stop is supported by reasonable suspicion or probable cause.  *United States v. Brignoni-Ponce*, 422 U.S. 873, 879 (1975)*; Davis v. Mississippi*, 394 U.S. 721, 726-27 (1969).  "A routine traffic stop based on the violation of state traffic laws is a justifiable seizure under the Fourth Amendment."  *State v. Barks*, 128 S.W.3d 513, 516 (Mo. banc 2004); *see also Whren v. United States*, 517 U.S. 806, 810 (1996) ("As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred."); *accord New York v. Class*, 475 U.S. 106, 117-18 (1986) (stopping a car was justified for speeding and a cracked windshield); *Pennsylvania v. Mimms*, 434 U.S. 106, 109 (1977) (stopping a car was justified for expired license plate tags).  "Any traffic violation, however minor, provides probable cause for a traffic stop."  *United States v. $45,000.00 in U.S. Currency*, 749 F.3d 709, 715 (8th Cir. 2014) (quoting *United States v. Bloomfield*, 40 F.3d 910, 915 (8th Cir. 1994) (en banc) (quotation marks omitted)).

Defendant Beeson stated that he pulled Plaintiff over for crossing "the white fog line on the right side of the roadway, without signaling a lane change."  (Doc. 1-5.)  Notably, the allegations in the Complaint do not dispute that Plaintiff crossed the fog line.  Instead, Plaintiff

argues that crossing a fog line does not create probable cause for a traffic stop in Missouri.  As previously discussed, however, this is a misstatement of the law.   *See Smith*, 595 S.W.3d at 146.

In *Smith*, the appellant's sole argument was that "[m]erely touching or crossing the fog line does not give reasonable suspicion that any crime or traffic offense has occurred."  595 S.W.3d at 146.  The Missouri Supreme Court rejected this argument and held that crossing the fog line violates Mo. Rev. Stat. § 304.015, and therefore creates probable cause for a traffic stop. *Id.*  Although *Smith* was decided after Plaintiff was stopped by Beeson, it did not create new law. Rather, the Court construed an existing statute in light of a noted disagreement between Missouri appellate courts and other courts on this issue.  *See* 595 S.W.3d at 146 n. 7 (Citing differing opinions and noting these opinions "demonstrate the importance of resolving this issue in Missouri law").  In light of the disagreement on this issue before it was resolved by *Smith*, it has never been clearly established law in Missouri that touching or crossing the fog line does not provide probable causes for a traffic stop.  Thus,  Beeson is entitled to qualified immunity on Price's Fourth Amendment claim based on the initial traffic stop.

 The Court next considers whether Beeson had probable cause to issue a citation for marijuana possession.  Plaintiff argues that Beeson did not have probable cause to cite him for possession of marijuana because the marijuana was in his passenger's purse and therefore solely in her possession.  He claims that Beeson should have cited the unnamed passenger for marijuana possession and that "selective prosecution was practiced in this situation."  (Doc. 27 at 4.)

Probable cause exists when there is "a reasonable ground for belief of guilt," *Brinegar v. United States,* 338 U.S. 160, 175 (1949), that is "particularized with respect to the person to be searched or seized."  *Maryland v. Pringle,* 540 U.S. 366, 371 (2003) (internal citation omitted).

The existence of probable cause must be "viewed from the standpoint of an objectively reasonable police officer." *Ornelas v. United States,* 517 U.S. 690, 696 (1996). "[P]robable cause is a fluid concept—turning on the assessment of probabilities in particular factual contexts—not readily, or even usefully, reduced to a neat set of legal rules." *Illinois v. Gates,* 462 U.S. 213, 232 (1983). "The Supreme Court has recognized that the odor of an illegal drug can be highly probative in establishing probable cause for a search." *United States v. Caves*, 890 F.2d 87, 90 (8th Cir. 1989) (citing *Johnson v. United States*, 333 U.S. 10, 13 (1948)).

To receive qualified immunity, Beeson was required to have only "arguable probable cause." *See Peterson v. Kopp*, 754 F.3d 594, 598 (8th Cir. 2014). "Arguable probable cause exists even where an officer mistakenly arrests a suspect believing it is based in probable cause if the mistake is objectively reasonable." *Peterson*, 754 F.3d at 598 (citation omitted).

Beeson states in his Probable Cause Statement that he detected an odor of marijuana coming from the vehicle when he made contact with Plaintiff. (Doc. 1-5 at 1.) He further stated that, while Plaintiff was in Beeson's patrol vehicle, Plaintiff stated that "there might be a blunt in the vehicle." *Id.* Beeson's subsequent search of Plaintiff's vehicle revealed "2 marijuana blunts." *Id.*

"Possession" is denied in Mo. Rev. Stat. § 195.010(38), which indicates that "possession" can be either actual or constructive. The statutes provides as follows:

> A person has actual possession if he has the substance on his or her person or within easy reach and convenient control. A person who although not in actual possession, has the power and the intention at a given time to exercise dominion or control over the substance either directly or through another person or persons is in constructive possession of it. Possession may also be sole or joint. If one person alone has possession of a substance possession is sole. If two or more persons share possession of a substance, possession is joint [.]

*Id.*

The undersigned finds that Beeson had sufficient probable cause to cite Plaintiff for marijuana possession.  Plaintiff does not challenge Beeson's statement that he smelled an odor of marijuana in Plaintiff's vehicle, nor does he dispute that he reported that there may be a "blunt" in the vehicle.  Because Beeson could smell marijuana in Plaintiff's vehicle, it was reasonable for Beeson to assume Plaintiff had knowledge of the presence of marijuana in the passenger's purse.  *See United States v. Chauncey*, 420 F.3d 864, 871 (8th Cir. 2005) ("Given that the odor was strong enough for the officer to smell it outside the van, it was eminently reasonable for the officer to assume that the marijuana odor was present inside the van as well, and that Chauncey therefore had knowledge that [his passenger] was carrying marijuana").  Thus, Beeson had probable cause to conclude that Plaintiff was in possession of the marijuana found in his immediate vicinity.  *See Branch v. Gorman*, 742 F.3d 1069, 1072–73 (8th Cir. 2014) (finding probable cause to arrest the passenger when the flask was available and accessible to him).  The fact that Beeson could have cited Plaintiff's passenger in addition to or instead of Plaintiff has no effect on the finding that there was probable cause to cite Plaintiff.

Further, for the purpose of qualified immunity, Beeson need only show that he had *arguable* probable cause.  *See Peterson*, 754 F.3d at 598.  Even if Beeson were mistaken in his belief that Plaintiff had possession of the marijuana, this belief was objectively reasonable given the allegations in the Complaint.  The question of whether there would be sufficient evidence to support a conviction for possession of marijuana is a separate issue that this Court need not address.

In sum, Defendant had at least arguable probable cause to stop Plaintiff initially and to cite him for marijuana possession.  Thus, to the extent Plaintiff's malicious prosecution claim is cognizable, Defendant is shielded by qualified immunity.

13

Finally, Defendant argues that Plaintiff's claims for "harassment" and "civil rights" violations" should be construed as wrongful prosecution claims and dismissed for the reasons previously discussed.  The undersigned agrees.  Although Plaintiff asserts he "was a victim of civil rights violations" and "unnecessary harassment" in addition to malicious prosecution, he provides no facts to support these additional claims.  The only factual allegation related to harassment is Plaintiff's statement that "Defendants harassed the Plaintiff with this frivolous traffic stop and case."  (Doc. 1-1 at 3.)

The Court has found that Plaintiff has failed to state a claim for malicious prosecution or a Fourth Amendment violation related to his traffic stop or citation.  To the extent Plaintiff intended to raise any additional claims, they will be denied for failure to state a claim.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Andrew Lawson's and New Madrid County's Motion to Dismiss (Doc. 12) is **granted.**

**IT IS FURTHER ORDERED** that Defendant New Madrid County's Motion to Dismiss (Doc. 14) is **granted.**

**IT IS FURTHER ORDERED** that Defendant Trent Beeson's Motion to Dismiss (Doc. 25) is **granted.**

/s/ Abbie Crites-Leoni
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE

Dated this 16th day of November, 2021.